145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian MADAMBA, Plaintiff-Appellee,
v.
CERTIFIED GROCERS CALIFORNIA, LTD; Hawaiian Grocery Stores,
Ltd; Wayne Yamada, President, Defendants-Appellants.
 No. 97-15017.
D.C. No. CV-95-00759-SPK (FIY).
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1998.**
Decided May 12, 1998.
 
 Appeal from the United States District Court for the District of Hawaii Samuel P. King, Senior District Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Certified Grocers appeals the denial of its motion for sanctions pursuant to Fed.R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Appellee Julian Madamba filed a complaint in Hawaii state court on July 11, 1995, alleging several causes of action arising out of the termination of his employment. Defendants Certified Grocers of California, Ltd., Hawaiian Grocery Stores, Ltd.,[1] and Wayne Yamada removed the case to federal district court on September 14, 1995. Madamba filed a first amended complaint on January 9, 1996. On May 9, 1996, Madamba filed a second amended complaint, adding two new individual defendants and a new cause of action.
 
 
 4
 On June 10, 1996, Certified Grocers moved for summary judgment. Thereafter, on July 1, 1996, Certified Grocers served a draft Rule 11 motion on Madamba's counsel. On July 19, 1996, Madamba filed a partial withdrawal of his second amended complaint, but the district court rejected this attempted withdrawal as procedurally improper. On July 25, 1996, Madamba filed a pleading entitled "Plaintiff's Withdrawal of Second Amended Complaint." However, at the July 31, 1996 hearing on Certified Grocers' summary judgment motion, Madamba's counsel stated that he only sought to withdraw his claims against the two newly-named defendants.
 
 
 5
 On August 1, 1996, the district court granted defendants' motion for summary judgment. On August 16, 1996, Certified Grocers filed its motion for Rule 11 sanctions. The motion was heard by a magistrate judge, who, on September 20, 1996, issued findings and recommendations that Certified Grocers' motion be denied. On November 22, 1996, the district court issued an order adopting the magistrate judge's findings and recommendations. Certified Grocers now appeals from the district court's order.
 
 II.
 
 6
 Certified Grocers argues that the district court erred in finding that its Rule 11 motion was untimely and the goals of Rule 11 would not be satisfied by the imposition of sanctions.
 
 
 7
 We review a district court's determination regarding the imposition of sanctions under Rule 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); Terran v. Kaplan, 109 F.3d 1428, 1434 (9th Cir.1997). "A district court abuses its discretion in imposing sanctions when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Terran, 109 F.3d 1434.
 
 III.
 
 8
 Certified Grocers requested Rule 11 sanctions based on Madamba's filing of several frivolous claims.[2] The magistrate judge found that while Madamba's claims were clearly frivolous, the filing of Certified Grocers' Rule 11 motion was untimely. The district court agreed, and therefore denied the motion for sanctions.
 
 
 9
 The timeliness of a Rule 11 motion depends upon the peculiar circumstances of the case. Matter of Yagman, 796 F.2d 1165, 1182 (9th Cir.1986). The current version of Rule 11
 
 
 10
 leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily, the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery.
 
 
 11
 Fed.R.Civ.P. 11 (Advisory Committee Notes to 1993 Amendments). While sanctions may be imposed after a case has been resolved, see Cooter & Gell, 496 U.S. at 396, it is within the district judge's discretion to deny sanctions under such circumstances if the purposes of Rule 11 will not be served by imposing sanctions. Yagman, 796 F.2d at 1184.
 
 
 12
 Here, Madamba was served with the Rule 11 motion after Certified Grocers' summary judgment motion had been filed, but prior to hearing on the motion for summary judgment. Pursuant to Rule 11's 21-day safe harbor provision,[3] Certified Grocers' motion for sanctions could not have been filed with the court prior to July 22, 1996. The motion was not actually filed until August 16, 1996, after judgment had been entered in the underlying suit. During the intervening time between service of the draft motion and filing of the motion with the court, Madamba's counsel made a procedurally improper attempt to withdraw his second amended complaint.
 
 
 13
 Given that all of Madamba's claims had already been resolved against him by the time Certified Grocers filed its Rule 11 motion, the imposition of sanctions in this case would not have served the overriding purpose of the Rule, which is deterrence. Yagman, 796 F.2d at 1184. Certified Grocers argues that sanctions are nonetheless appropriate because Madamba was provided the entire 21-day safe harbor period in which to withdraw his frivolous allegations, even though the Rule 11 motion was served just four weeks prior to the summary judgment hearing. While it is true that Madamba was given an opportunity to withdraw his frivolous allegations, but failed to do so properly, it is also true that Madamba did not completely forsake this opportunity. Rather, his attorney made an attempt, however unskilled, to amend the complaint in response to the Rule 11 motion prior to the summary judgment hearing.
 
 
 14
 Because Certified Grocers delayed service of the Rule 11 motion until after its summary judgment motion had been filed, and delayed filing of the Rule 11 motion until after final judgment had been entered, the district court did not abuse its discretion in determining that the motion for sanctions was untimely. Accordingly, we affirm the district court's denial of Rule 11 sanctions.
 
 IV.
 
 15
 Because Certified Grocers' appeal is not frivolous, we deny Madamba's request for sanctions under Fed.R.App.P. 38.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hawaiian Grocery Stores is a wholly-owned subsidiary of Certified Grocers
 
 
 [2]
 The claims with which Certified Grocers takes issue are as follows: (1) a private cause of action based on "Breach of Affirmative Action Policies and Regulations"; (2) claims under 42 U .S.C. § 1983, despite the absence of state action; and (3) employment discrimination claims for which Madamba failed to exhaust his administrative remedies
 
 
 [3]
 A Rule 11 motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed.R.Civ.P. 11(c)(1)(A)