145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharon A. MARTIN; Marjorie Phelps, Plaintiffs-Appellants,
and
Lee SAUNOOKE, Plaintiff,
v.
Mike CARROLL, in his official and individual capacity;
County of Butte, in its municipal capacity; Pat Grager,
Butte County Dept. of Social Services Director in her
official and individual capacity; Mr. Fulbright, in his
official and individual capacity; Michael Ramsey, Butte
County District Attorney in his official and individual
capacity; Northwest Society for the Prevention of Cruelty to
Animals, in its corporate capacity; Merry Johnson, SPCA
Director in her corporate and individual capacity; Sue
Darrough, in her official and individual capacity; Susan
Roff Minasian, Butte County Counsel in her official and
individual capacity; Butte County Superior and Municipal
Court; Gerald Hermansen, in his official and individual
capacity; William R. Patrick, in his official and individual
capacity; Roger G. Gilbert; Ann H. Rutherford, in her
official and individual capacity; Steven J. Howell, in his
official and individual capacity; Jerome E. Warren, in his
official and individual capacity; Butte County Board of
Supervisors; R.J. Beeler, in his official and individual
capacity; Joan Dolan, in her official capacity; Mary Ann
Houx, in her official and individual capacity; Curt
Josiassen, in his official and individual capacity; Fred C.
Davis, in his official and individual capacity; Mick Grey;
Lt. Anderson, Sheriff; Butte County Animal Control and
County Dept. of Health and Environment Officer Greg
Erickson, in his official and individual capacity; Monte
Peterson, Officer, in his official and individual capacity;
Golden Empire Broadcasting Co., Inc., in his corporate
capacity; Bruce Lang, in his corporate and individual
capacity; Tara Lofstrom, in her corporate and individual
capacity; Milton L. Schwartz, District Court Judge Eastern
District of California; Charles Shubb, in his official and
individual capacity; David F. Levi, in his official and
individual capacity; James Ware, U.S. District Judge,
Northern District of California; William Spencer, in his
official and individual capacity; Ronald M. Whyte; Susan S.
Ware, in her individual capacity; County of San Benito, in
its municipal capacity; Judge Breen, San Benito County
Superior and Municipal Court, in his official and individual
capacity; Harry Tobias, in his official and individual
capacity; Harry Damkar, San Benito County District Attorney,
in his official and individual capacity; Harry Nyland, San
Benito County Sheriff, in his official capacity; Porter
Scott Weiberg and Delehant, Inc., in its corporate and
individual capacity; Nancy Sheenan, in her corporate and
individual capacity; Karen Ebel, in her corporate and
individual capacity; State of California; Daniel Lungren,
California Attorney General, in his official and individual
capacity; Marybelle Archibald, in her official and
individual capacity; Frank Tiesen, in his official and
individual capacity, City of Pasadena; Tracy Webb, Pasadena
City Attorney, in her official and individual capacity;
Alison B. Weissman, Pasadena City Attorney, in her official
and individual capacity; County of Los Angeles, in its
municipal capacity; Phillip J. Argento, in his official and
individual capacity; John Jurman, Pasadena Humane Officer,
in his official and individual capacity; Laura Cerda Smith,
in her official and individual capacity; Wendy Castillo,
Officer, in her official capacity; of Butte County; Steven
McNall, Director of Pasadena Humane Society, in its
corporate capacity; Pasadena Humane Society Inc.; Charles J.
Stevens, Assistant Attorney General for the Eastern District
of California; Greg H. Erickson, in his individual capacity,
c/o Butte County Dept. of Public Health Environment,
Defendants-Appellees.
 No. 97-16504.
D.C. No. CV-97-00407-GEB.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sharon A. Martin and Marjorie Phelps ("plaintiffs") appeal pro se the district court's: (1) order dismissing their complaint with prejudice for failure to respond to the district court's order to show cause; and (2) order imposing $2,500 in sanctions pursuant to Fed.R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review 41(b) dismissals and orders awarding Rule 11 sanctions for abuse of discretion, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992) (Rule 41(b)); Terran v. Kaplan, 109 F.3d 1428, 1434 (9th Cir.1997) (Rule 11 sanctions), and we affirm.
 
 
 3
 Plaintiffs' contention that defendants were in default because defendants filed a motion to dismiss before answering the complaint lacks merit. See Aetna Life Ins. Co. v. Alla Medical Servs. Inc., 855 F.2d 1470, 1474 (9th Cir.1988).
 
 
 4
 Plaintiffs' contention that the district court erred by dismissing their complaint also lacks merit. In a June 23, 1997 order, the district court expressed its intention to grant defendants' motion to dismiss for failure to state a claim. In order to determine whether leave to amend should be granted, the district court ordered plaintiffs to "support each claim against each defendant with a factual showing and the source of that factual information" within 16 days. The order also required plaintiffs to show cause why Rule 11 sanctions should not be imposed. The order explicitly stated that failure to comply would result in monetary damages and/or dismissal of the claims with prejudice. Plaintiff's did not comply. Accordingly, the district court did not abuse its discretion by dismissing the complaint with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1269 (9th Cir.1992).
 
 
 5
 Plaintiff's contend the district court erred in awarding sanctions to certain defendants because the claims against these defendants (RICO claims) do not provide for sanctions. Sanctions were awarded under Rule 11, which applies to all civil actions. See Fed.R.Civ.P. 11. Accordingly, the district court did not abuse its discretion by awarding sanctions. See In Re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.1991)
 
 
 6
 Because a reasonable person with knowledge of all the facts would not conclude that Judge Burrell's partiality might reasonably be questioned, the court did not abuse its discretion by denying the motion to disqualify. See Hirsh v. Justices of Sup.Ct. of Cal., 67 F.3d 708, 715 (9th Cir.1995).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3