**Robert RENICK, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**DUN & BRADSTREET RECEIVABLE MANAGEMENT SERVICES, Defendant–Appellee.**

No. 01–15117.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Filed May 16, 2002.

O. Randolph Bragg, Horwitz, Horwitz & Assoc., Chicago, IL, argued the cause for the plaintiff-appellant; Peter F. Caron, San Francisco, CA, assisted on the brief.

John H. Feeney, Murphy, Pearson, Bradley & Feeney, San Francisco, CA, argued the cause for the defendant-appellee; Scott L. Johnson assisted on the brief.

Before: WALLACE, KOZINSKI and PAEZ, Circuit Judges.

## OPINION

PER CURIAM.

Renick didn't pay his phone bill. After his account became seriously past due, Dun & Bradstreet, the phone company's collection agent, sent Renick a collection notice. As required by the Federal Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a), the notice informed Renick that he had the right to dispute the validity of the debt within 30 days, and that Dun & Bradstreet would then provide him with verification of the debt.

Twenty days later, Dun & Bradstreet sent a second notice. On the front, it asked Renick to "[u]se the tear-off portion of this letter ... to send your payment today." The reverse side provided the validation information required by the FDCPA, and stated that "PROMPT PAYMENT IS REQUESTED." The notice also told Renick to contact the telephone company with any questions about his phone account, but to direct all inquiries regarding the validity of the debt to Dun & Bradstreet.

Renick sued, alleging that the second notice violated the FDCPA. He argued that, coming only 20 days after the first collection notice, the request for "prompt" payment and payment "today" misled him into abandoning his statutory right to contest the validity of the debt within 30 days from the first notice. Renick also argued that the instruction to call the telephone company with questions about his account was confusing, leaving him uncertain as to whom to contact to verify what he owed. On the basis of his FDCPA claim, Renick also alleged that Dun & Bradstreet violated the California Unfair Business Practices Act. Cal. Bus. & Prof.Code § 17200.

The district court granted summary judgment to Dun & Bradstreet and Renick appeals.

■ **1.** Dun & Bradstreet's second collection notice did not violate the validation of debts provision of the FDCPA, 15 U.S.C. § 1692g(a). The instruction that Renick "[u]se the tear-off portion of this letter ... to send your payment today" was in the same font as the surrounding text; was not emphasized in any other way; was in the nature of a request rather than a demand; and carried no sense of urgency. The request therefore "d[id] not overshadow the language in the notice that the alleged debtor has thirty days in which to dispute the debt." *Terran v. Kaplan,* 109 F.3d 1428, 1434 (9th Cir.1997). Similarly, the statement on the reverse that "PROMPT PAYMENT IS REQUESTED" was in the same font as the accompanying validation notice; was followed by a statement informing Renick that he had 30 days to challenge the debt's validity; and did not convey a threat that could induce Renick to "ignore his right to take 30 days to verify his debt and act immediately." *Swanson v. S. Or. Credit Serv., Inc.,* 869 F.2d 1222, 1226 (9th Cir.1988). The request for a prompt payment therefore "d[id] not contradict the admonition that the debtor has thirty days to contest the validity of the debt" and "d[id] not threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt." *Terran,* 109 F.3d at 1434.

■ Nor was the notice confusing about whom to contact for information as to the debt's validity. The notice made clear that the phone company should be contacted only with questions pertaining to the phone account on which the debt was incurred, and that inquiries about the collection of the money owed should be directed to Dun & Bradstreet. The reverse of the notice stated twice that Renick should direct requests for information about the debt's validity to Dun & Bradstreet, and the name, logo, address and phone number of Dun & Bradstreet were prominently displayed on the front of the notice. This information was not misleading even to the least sophisticated debtor. *See Terran,* 109 F.3d at 1431; *Swanson,* 869 F.2d at 1225.

■ **2.** Because the notice did not violate the requirements of 15 U.S.C.

§ 1692g(a), it would not support a finding that Dun & Bradstreet used "false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). We therefore reject Renick's argument that Dun & Bradstreet's notice violated section 1692e(10) of the FDCPA.

■ 3. Dun & Bradstreet's notice also did not constitute an "unlawful, unfair or fraudulent business act or practice," in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof.Code § 17200, because the state claim hinges on Renick's rejected federal claim.

■ 4. We deny Dun & Bradstreet's Motion to Strike Portions of Renick's Brief and Excerpts of Record and Request for Sanctions for citing an unpublished order of the District Court for the Southern District of California. Ninth Circuit Rule 36–3 quite clearly prohibits citations only of our unpublished dispositions; it does not apply to unpublished dispositions issued by any other courts within our circuit or elsewhere. *See* Ninth Cir. R. 36–3.

**AFFIRMED.**