Janna KALININA, Plaintiff—Appellant,

v.

MIDLAND CREDIT MANAGEMENT, INC., et al. Defendants— Appellees.

No. 04–16797.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2006.*

Filed Aug. 9, 2006.

The Berg Law Group, Corte Madera, CA, Daniel A. Edelman, Esq., Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiff–Appellant.

Tomio B. Narita, Esq., Jeffrey A. Topor, Esq., Wineberg Simmonds & Narita, LLP, San Francisco, CA, Stephen H. Turner, Esq., Carlson, Messer & Turner LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN, Senior District Judge.**

### MEMORANDUM ***

Janna Kalinina appeals the judgment of the district court granting defendants' mo-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

tion to dismiss her claim that the defendants sent her, as well as others similarly situated, collection letters that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 et seq. We affirm.

First, the defendants did not violate the FDCPA by setting forth, in their collection letters, settlement offers containing an expiration date. The letters did not indicate that no other offers would be made. Instead, the expiration date was simply a term of the specific offer being made. A least sophisticated debtor would understand that the expiration of one offer did not foreclose the possibility of other offers.

Second, the debt validation notice was not overshadowed or contradicted by other language in the initial collection letter. See *Renick v. Dun & Bradstreet Receivable Management Serv.*, 290 F.3d 1055, 1057–58 (9th Cir.2002); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir.1997).[1] In fact, the initial collection letter did not require Kalinina to take any action prior to the expiration of the thirty-day validation period.

Third, a least sophisticated debtor would not be misled by the defendants' reference to Kalinina as a "customer" and to MCM as a "servicer." The initial letter clearly identified MCM as a debt collector (twice) and stated that the letter was an attempt to collect on a debt. MCM's first letter also contained all the required FDCPA notices. Even a least sophisticated debtor would understand that the use of these terms did not change the nature of the debtor/debt collector relationship. For the same reasons, defendants' use of the term "servicer" did not imply that MCM was

entitled to the "servicer exemption" contained in the FDCPA.

**AFFIRMED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Kalinina argues that *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir.1997), was wrongly decided, but we are bound by that decision.

