O’SCANNLAIN, Circuit Judge,
concurring in part, dissenting in part.
While I agree generally with the Court’s desire “to reinforce that the broad remedial purpose of the [Fair Debt Collection Practices Act] is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors,” and while I specifically join parts I.B., I.C., and II. of the majority’s opinion, I must respectfully dissent from part I.A. I cannot agree that Mrs. Clark’s waiver of § 1692c(c)’s protections did not extend to Janine Brumley (“Brumley”) or Capital Credit & Collection Service (“Capital”); the trial court properly concluded that Brumley did not violate § 1692c(c) by returning Mrs. Clark’s call. For that reason, I must dissent to that extent.
I
The majority properly holds that a debt- or may waive the protections of 15 U.S.C. § 1692c(c), which requires a debt collector to cease communication with the debtor upon written request. Here, Mrs. Clark did so by initiating a communication with Jeffrey Hasson (“Hasson”) to obtain information. The majority extends her waiver only to Hasson, but in my view, the waiver should also apply to Brumley and Capital.
A
Congress enacted the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. §§ 1692-1692o, in order to eliminate “abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.” 15 U.S.C. *1180 § 1692(e). As the majority acknowledges, “there is nothing inherently abusive, harassing, deceptive or unfair about a return phone call.” Maj. Op. at 1170. This is so regardless of who makes the call. The fact that Brumley returned Mrs. Clark’s call instead of Hasson does not suddenly transform the call into an abusive practice. The majority recognizes the possibility of waiver of § 1692e(c)’s protections because failure to do so would be inconsistent with the purposes of the FDCPA. Refusing to extend Mrs. Clark’s waiver to Brumley and Capital is similarly inconsistent.
B
The majority argues that a waiver of § 1692c(c)’s protections must be knowing and intelligent, Maj. Op. at 1170, and I do not disagree. But, in any conceivable case, a debtor who phones a debt collector to request information must be said to have “sufficient awareness of the relevant circumstances and likely consequences” of her action, United States v. Larson, 302 F.3d 1016, 1021 (9th Cir.2002), namely that someone will return the call with the requested information. In fact, one would almost certainly expect the person with the information to be the one to place the return call. But the majority concludes that the “least sophisticated debtor” would not have expected Brumley, or anyone at Capital, to return Mrs. Clark’s call. In my view, the majority errs in applying such standard.
Use of the “least sophisticated debtor” standard here, to determine the meaning a debtor would ascribe to her own actions, is unique. Previously, we have employed it only to determine whether a debt collector’s communications to a debtor violate the FDCPA. See Dunlap v. Credit Prot. Ass’n., L.P., 419 F.3d 1011, 1012 (9th Cir.2005) (judging “[t]he impact of language alleged to violate the FDCPA”). To that end, we examine communications with an eye towards the “tendency of language to deceive” the “least sophisticated debtor.” Baker v. G.C. Servs. Corp., 677 F.2d 775, 778(9th Cir.1982); see also Renick v. Dun & Bradstreet Receivable Mgmt. Servs., 290 F.3d 1055, 1057 (9th Cir.2002) (holding that a communication “was not misleading even to the least sophisticated debtor”); Terran v. Kaplan, 109 F.3d 1428, 1431 (9th Cir.1997) (stating that “whether the initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical ‘least sophisticated debtor’ ” (internal quotation marks and citation omitted)); Wade v. Reg’l Credit Ass’n, 87 F.3d 1098, 1100 (9th Cir.1996) (stating that a communication violates the FDCPA if “likely to deceive or mislead a hypothetical ‘least sophisticated debtor’ ”). We have also used it to determine whether such a debtor would understand a debt collector’s communication as a threat. See Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1227 (9th Cir.1988).
Significantly, Clomon v. Jackson, 988 F.2d 1314, 1320(2d Cir.1993), cited by the majority, notes that the “least sophisticated consumer” standard serves a dual purpose. “[I]t (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.” Id. When used to determine whether a debtor “would understand that he or she was waiving his or her rights under § 1692e(c),” the standard serves neither of these purposes. Maj. Op. at 1170-1171. Because returning a debtor’s call is not a deceptive practice, I see no reason for the majority’s novel application of the “least sophisticated debtor” standard here.[1]
*1181 C
Indeed, I see no reason to use any standard other than common sense. Mrs. Clark called Hasson’s office seeking information concerning a specific debt, despite her earlier cease communication instruction. In my view, by doing so, Mrs. Clark waived her right to avoid a return communication — albeit one specifically limited to providing the information requested. Although Hasson and Brumley’s employer, Capital, are different entities, they were working together to collect the specific debt about which Mrs. Clark inquired. Allowing one of the parties to return the call while preventing the others from doing so is nonsensical, particularly where one party has better access to the information. Here, Capital, and Brumley specifically, had the information Mrs. Clark requested; thus, Mrs. Clark’s waiver should, as a matter of common sense, apply to both Capital and Brumley.[2]
In my view, then, Capital and Brumley did not violate § 1692c(c) of the FDCPA by returning Mrs. Clark’s call, and the district court’s grant of summary judgment on the issue was proper.
II
Because Mrs. Clark waived her cease-communication directive as to both Hasson and Brumley, I would affirm the district court’s grant of summary judgment to all parties on the Clarks’ § 1692c(c) claim.

. Even were the “least sophisticated debtor” standard appropriate, the majority errs by *1181 injecting a subjective element into what is, by its own admission, an “objective” standard. Majority Op. at 10151. Mrs. Clark's subjective intentions and expectations are not relevant; nor is her characterization of her previous interactions with Brumley. Mrs. Clark may have been upset by Brumley's collection efforts; however, § 1692c(c), and the FDCPA generally, prohibits only deceptive and abusive practices, not any and all actions that upset debtors. Thus, Mrs. Clark's alleged need for therapy is relevant only on the issue of damages flowing from actual violations of the FDCPA. Her unhappiness with the collection process generally is not relevant to the issue of whether her limited waiver of § 1692c(c) should extend to Brumley and Capital.

. A debtor might claim that a debt collector exceeded the scope of the waiver or was abusive. Abusive conduct violates § 1692dofthe FDCPA, and a debt collector who exceeds the scope of a waiver might still violate § 1692c(c). However, it is unnecessary to reach that question because, although the majority states that the parties dispute the substance of Brumley's return call, this specific issue was tried to a jury following the district court's partial grant of summary judgment. The jury found that Brumley was not abusive and did not exceed the scope of Mrs. Clark's information request.