**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW STUPPIELLO, individually and on behalf of all others similarly situated, | No.   17-55061 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01811-H-JMA |
| v. | |
| SOUTHWEST CREDIT SYSTEMS, L.P., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 9, 2018[**]
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,[***] District Judge.

Plaintiff-Appellant Matthew Stuppiello sued Defendant–Appellee Southwest

Credit Systems L.P. asserting violations of the Fair Debt Collection Practices Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2).

[***]      The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788–1788.3.[1] Stuppiello complains of a letter in which the Defendant-Appellee informed him that a $612.32 debt "[was] due in full." In that letter, the Defendant-Appellee also wrote "[w]e are willing to work with you, but you must contact our office promptly. Avoid further collection activity by enclosing your payment . . . or by contacting us . . . to make payment arrangements on your account."

Stuppiello argues here, as he did below, that the payment request overshadowed and contradicted his FDCPA rights for two reasons. First, Stuppiello argues that the least sophisticated debtor would have construed the letter as leaving him no choice but to pay the debt. Second, Stuppiello contends that the letter would have confused the least sophisticated debtor about his FDCPA rights. The district court granted the Defendant-Appellee's summary judgment motion, concluding that the request for payment did not overshadow or contradict Stuppiello's FDCPA rights.

Our review is *de novo*. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[1] Stuppiello's state law claim is dependent on his FDCPA claim. *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

A "validation notice," or request for payment of a debt, must notify a debtor "of the amount of the debt, to whom the debt is owed, her right to dispute the debt within thirty days of receipt of the letter, and her right to obtain verification of the debt." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) (citing 15 U.S.C. § 1692g(a)). A notice violates the FDCPA where it is "likely to deceive or mislead a hypothetical least sophisticated debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (internal quotation marks omitted) (quoting *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)). Therefore, a notice must " 'be large enough to be easily read and sufficiently prominent to be noticed . . . [and it] must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency.' " *Id.* at 1432 (alteration in original) (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (per curiam)).

Stuppiello maintains the notice would deceive the least sophisticated debtor into abandoning his right to contest the debt. Yet the notice is not threatening, does not limit the time in which Stuppiello can dispute the debt, and is in the same font as his FDCPA rights. *Compare Mashiri*, 845 F.3d at 991; *Swanson*, 869 F.2d at 1225–26. The notice, therefore, does not violate the FDCPA. *See, e.g., Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002) (per curiam); *see also Terran*, 109 F.3d at 1434.

And contrary to Stuppiello's assertions, the notice would not confuse the least sophisticated debtor about his FDCPA rights. Stuppiello contends—without citing any Ninth Circuit authority in support—that validation notices must include transitional language, i.e. language explaining that a request for payment does not limit a consumer's right to challenge a debt within thirty days. We have never imposed such a requirement, and decline to do so now. As Stuppiello's FDCPA and dependent Rosenthal Fair Debt Collection Practices Act claims lack merit, we affirm the district court's grant of the Defendant-Appellee's summary judgment motion.

**AFFIRMED.**