**Guadalupe BARRIENTOS, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**LAW OFFICES OF MARK L. NICHTER a.k.a. Mark L. Nichter P.C., and Mark L. Nichter, Defendants.**

**No. 99 Civ.2522(CM)(MDF).**

United States District Court, S.D. New York.

Dec. 9, 1999.

Gregory G. McStay, Sotomayor & McStay, White Plains, NY, for plaintiff.

Diane K. Kanca, Andrew G. Tretter, McDonough, Marcus, Cohn, Tretter, Heller & Kanca, L.L.P, New York City, for defendants.

## MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REFERRING CASE TO MAGISTRATE FOR DETERMINATION OF DAMAGES

McMAHON, District Judge.

Plaintiff Guadalupe Barrientos brought a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (1994), against Defendants Law Offices of Mark L. Nichter (a/k/a "Mark L. Nichter, P.C.") and Mark Nichter individually, for (1) failing to provide proper notice of her right under the FDCPA to challenge within 30 days a debt for which Defendant Nichter sought payment, and (2) false or misleading representations in connection with collection of the debt. Plaintiff has moved for summary judgment on both claims. For the reasons that follow, her motion is granted, and the case is referred back to the Magistrate for a determination of her damages.

*Background*

Neither party has provided an adequate statement of facts—including the nature of the debt at issue—in its brief, so what follows are the undisputed facts as the Court has been able to glean them from the parties' supporting papers.[1] On Janu-

---

1. Plaintiff neglected to submit a Statement of Material Facts with her motion papers as required under Local Rule 56.1 of the Southern and Eastern Districts of New York. She did, however, include the Statement with her reply brief. Section (a) of the Rule provides that failure to submit a Statement "may constitute grounds for denial of the motion." There does not appear to be any authority on the issue of whether such a measure would be appropriate where the movant does not include a Statement with her initial motion

ary 29, 1997, Plaintiff apparently underwent an unidentified medical procedure at "Cardio Consultants of Westchester," for which she incurred a charge of $40.00. As of April 10, 1998, she had not paid her bill, and, as required under § 1692g of the FDCPA, Defendant Nichter, on behalf of Cardio Consultants, sent her a letter including a "validation notice," which informed Plaintiff of her right to contest the claimed debt within 30 days. The letter read as follows:

> This office has been engaged to proceed against you because of your failure to make payment on the above past due debt. If we do not receive payment we may recommend legal proceedings against you without further notice.
>
> We caution you that we will not permit this debt to be ignored.
>
> It would definitely be in your best interest upon receipt of this letter to satisfy in full your outstanding balance. Make your check payable to the above creditor and send it to us. An envelope is enclosed for your remittance.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, our office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect this debt by a debt collector and any information obtained will be used for that purpose.
>
> Very truly yours,
>
> The Law Offices of Mark L. Nichter

papers, but submits it later with her reply papers. In any event, I need not reach that question, as denial of a motion under Local

On May 1, 1998, Defendants sent Plaintiff a second letter, which stated:

> Although notices and demands have been made upon you for payment of this liability due our client as shown [in the caption] above, we have no record of receipt of payment from you.
>
> We have been authorized by our client to take any lawful action we deem necessary to collect this debt.
>
> Please make payment today so we can put this matter to rest. Make your check or money order payable to our client and send it to us using the enclosed self-addressed envelope. Be sure to include your complete account number with your payment.
>
> This is a communication from a debt collector. This is an attempt to collect a debt and any information contained will be used for that purpose.
>
> Very truly yours,
>
> The Law Offices of Mark L. Nichter

On April 6, 1999, Plaintiff filed the present class action. She claims (1) that Defendants' May 1 letter contradicted the language of the April 10 letter, thereby rendering inadequate the required validation notice under § 1692g, and (2) that the May 1 letter constituted a "false representation or deceptive means" of debt collection in violation of § 1692e(10) of the FDCPA. She now moves for summary judgment on both claims.

*Standard for Summary Judgment*

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-movant. *See Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505. In making

Rule 56.1(a) is discretionary, and I decline to impose that sanction in this case.

its determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *See id.* at 255, 106 S.Ct. 2505. To defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Discussion*

(1) *Plaintiff's Summary Judgment Motion*

Section 1692g(a) of the FDCPA requires that an independent debt collector seeking payment provide the consumer with a detailed validation notice, including the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed by the creditor unless disputed by the consumer within 30 days, and, relevant to this case, a statement that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer...."

■ Section 1692e prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10). Deceptiveness within the meaning of this subsection includes ambiguity; a collection notice may be deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996). The fact that a notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10). *See id.*

■ The Second Circuit follows a "least sophisticated consumer" standard in assessing violations of § 1692g and e(10)—that is, whether these provisions have been violated is measured by the interpretation that the least sophisticated consumer would give the notice received from the debt collector. *See Russell*, 74 F.3d at 34 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)). Moreover, because the FDCPA imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. *See id.* at 33. However, a debt collector may escape liability if it can demonstrate by a preponderance of the evidence that its violation of the Act "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c). The burden of making this showing rests upon the defendant. *See id.* at 36.

■ Even if a defendant provides the requisite validation notice under 1692g, it may still be liable under § 1692g and § 1692e(10) if it sends a subsequent communication within the validation period that "overshadows or contradicts" such notice, as Barrientos alleges in this case. *See Russell*, 74 F.3d at 34–35. A notice is overshadowing or contradictory "if it would make the least sophisticated consumer uncertain as to her rights." *Id.* at 35. In *Russell*, the defendant sent the debtor a letter captioned "Immediate Collection Notice," which stated in relevant part:

> Your account, as indicated below, has been placed with our company for immediate collection. It is our practice to post unpaid collections in the amount of $25 or more to individual credit records. If you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file.

The back of the notice in turn provided the necessary validation notice. However, 20 days later, the defendant sent a second

notice, captioned "Contact This Office at Once," which read:

Further delay on your part could be costly. At this point only your action will determine future handling. We urge your cooperation for your own sake. Payment in full within 5 days is now demanded. What will your answer be?

Like Barrientos, the plaintiff in *Russell* brought claims under § 1692g and § 1692e(10) of the FDCPA. The district court granted summary judgment to the debt collector, reasoning that the language of the notices did not rise to the level of a "threatening contradiction" so as to give rise to FDCPA liability. The Second Circuit reversed, finding as a matter of law that the first notice, while providing sufficient validation notice on the back, was confusing and contradictory in violation of § 1692g in its statements that "[i]f you do not dispute this claim ... and wish to pay it within the next 10 days we will not post this collection to your file" and "[i]t is our practice to post unpaid collections in the amount of $25 or more to individual records." If she believed the message on the back of the notice, the court noted, she would understand that she had 30 days to decide whether to collect the claim. If she believed on the other hand what was printed on the front of the notice, she would fear that unless she decided not to dispute the claim and pay it within 10 days, the debt she owed would be "posted" to her credit file. The Court further determined that the letter violated § 1692e(10), because the statements made on both of its sides were susceptible to a reasonable but inaccurate interpretation—i.e., that the only way for the plaintiff to avoid having the debt posted to her file was to pay it within 10 days, rather than avail herself of the validation procedure described on the reverse of the letter.

The Court also rejected the heightened standard adopted by the district court in its ruling that the plaintiff needed to demonstrate not merely a contradiction in the language used in the notice, but a "threatening contradiction," as has been required by a district court in Delaware. *See Smith v. Financial Collection Agencies,* 770 F.Supp. 232, 237 (D.Del.1991). The proper inquiry, the Second Circuit stated, is "whether, from the perspective of the least sophisticated consumer, language contained in the notice overshadowed or contradicted the mandatory validation notice. It is not necessary for the plaintiff to prove the contradiction is threatening." *Russell,* 74 F.3d at 35.

Finally, the Court found that the second notice also violated § 1692g and e(10). Given the admonitions "further delay could be costly" and "[w]e urge cooperation for your own sake," the Court reasoned, no consumer could be expected to know that the validation language on the back of the first notice took precedence over the second notice when the two were read in combination. "We think it plain that plaintiff would not realize she had a statutory right to dispute the debt within 30 days in the face of a second notice from the debt collector giving her only 25 days." *Id.* at 36. The notice violated 1692e(10), the Court concluded, because it advanced a message that was open to an inaccurate yet reasonable interpretation by the consumer—specifically, that payment within 5 days was the debtor's only recourse—and was therefore deceptive as a matter of law.

Like the letters sent by the debt collector in *Russell,* the letters sent by the Nichter Law Office to Barrientos, within the 30–day validation period, convey contradictory messages with respect to what the debtor was entitled to do. While Barrientos does not dispute that the first letter provided adequate validation notice as required by the FDCPA, the May 1, 1998 letter which followed stated that the Nichter Law Office was authorized "to take any lawful action we deem necessary to collect this debt," and urged Plaintiff to "make payment today so we can put this matter to rest." This language is at least equally inconsistent with language of vali-

dation notice as that found by the Second Circuit in *Russell* to be violative of § 1692g.

The May 1 letter also violates § 1692e(10), as construed by the Second Circuit: as with both communications in *Russell,* an unsophisticated consumer could not be expected to grasp that the validation notice in the first letter, to which the May 1 letter makes no reference, took precedence over the more recent communication. To the contrary, the language of the May 1 letter, as perceived by the least sophisticated consumer, would most likely be understood to suggest that the only course of action open to Barrientos by which to avoid adverse "lawful action" against her was to make payment immediately. If anything, the May 1 letter is even more misleading than those found to have violated 1692e(10) in *Russell:* whereas the communications in that case urged payment within 10 days and 5 days respectively, the May 1 letter send by the Nichter Law Office called for remittance by Plaintiff "today" in order to "put this matter to rest," carrying an implication that only *immediate* payment could avoid adverse action by Defendants. Summary judgment on the issue of Defendants' violations of § 1692g and e(10) is therefore appropriate.

Defendants make two arguments, both of which ignore or misinterpret the governing case law. First, Defendants cite a number of cases for the well-settled proposition that "a debt collector may contact the debtor within the thirty-day validation period so long as the communication does not 'demand' or 'urge' immediate payment of the debt," arguing that the May 1 letter constituted such a permissible communication. (Def. Brief at 3–4.) *See Berrios v. Sprint Corp.,* No. CV–97–0081, 1997 WL 777945 (E.D.N.Y. Nov.13, 1997); *Flowewrs v. Accelerated Bureau of Collections, Inc.,* No. 96 C 4003, 1997 WL 224987 (N.D.Ill. Apr.30, 1997); *Severson v. Transworld Systems, Inc.,* No. M3–C–682–S, 1994 WL 779763 (W.D.Wis. Apr.12, 1994); *Smith v. Financial Collection Agencies,* 770 F.Supp. 232 (D.Del.1991); and *Higgins v. Capitol Credit Services, Inc.,* 762 F.Supp. 1128 (D.Del.1991). But demanding immediate payment is precisely what Defendants did, as defined by *Russell,* a case that Defendants do not address at all in their brief. The cases they cite are thus inapposite to their contention that the May 1 letter did not violate the FDCPA.

Defendants also cite the Court to two cases which have held that a second notice sent to a debtor within the 30–day validation period does not contradict or overshadow the initial notice under § 1692g where the second communication does not threaten adverse action against the debtor. *See Swanson v. Southern Oregon Credit Svc., Inc.,* 869 F.2d 1222 (9th Cir.1988); *Burns v. Accelerated Bureau of Collections of Virginia, Inc.,* 828 F.Supp. 475 (E.D.Mich.1993). These cases, however, are not good law in this circuit. As Plaintiff correctly responds, and as discussed above, the Second Circuit in *Russell* expressly rejected the requirement, advanced by the defendant in that case, that the contradiction be threatening. Rather, a plaintiff need only demonstrate that as perceived by the least sophisticated consumer, the language of the subsequent notice overshadows or contradicts the mandatory validation notice. *See Russell,* 74 F.3d at 35.

As outlined above, however, § 1692k(c) permits a debt collector to avoid liability through the affirmative defense of bona fide error notwithstanding the maintenance of procedures designed to avoid such error. That subsection provides:

(c) Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

■ Unlike the defendant in *Russell*, Defendants in the present case have made at least a partial showing in the form of an affidavit from Defendant Nichter detailing the procedures in place to ensure compliance with the FDCPA by his employees. Specifically, the affidavit states that each employee hired by his office is required to attend a seminar detailing the requirements and obligations of the FDCPA and is given a pamphlet containing the guidelines that his office follows in complying with the Act, and that each debt collector is required to meet with a supervisor who reviews debt collection procedures and updates and discusses any changes in the law. Section 1692k(c), however, requires in addition a showing that the violation was unintentional and resulted a from a bona fide error. Defendants' submission only raises a question of fact as to the third element, i.e., the existence of procedures designed to prevent violations of the Act. As to the first two elements, Defendants' only showing is the barebones assertion in Nichter's affidavit that any FDCPA violations "were merely the result of bona fide error by Mark L. Nichter, P.C. because, as is detailed above, we maintain adequate procedures to insure [sic] that we comply with the FDCPA." (Nichter Aff, ¶ 8.) Of course, on a motion for summary judgment, a non-movant "may not rest upon mere conclusory allegations or denials." *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir.1983). For these reasons, summary judgment is also granted with respect to Defendants' § 1692k(c) defense.

Plaintiff further argues that a finding of a violation of § 1692g and e(10) precludes application of the affirmative defense of § 1692k(c). It cites for this contention *Sokolski v. Trans Union Corp.*, 53 F.Supp.2d 307, 314 (E.D.N.Y.1999), which focused on the *Russell* Court's conclusion that "[o]nce it is shown that defendant sent the [improper notice] and that they failed to fulfill the requirements of the Act, strict liability is imposed." *Id.* (citing *Russell*, 74 F.3d at 36). The *Sokolski* Court inter-

preted this language as implying that the bona fide error defense cannot be invoked once a plaintiff has proven the elements of a FDCPA claim. *See id.* I note, however, that the *Russell* Court, in the very next sentence, which the *Sokolski* Court did not quote, stated: "However, a debt collector may escape liability if it can demonstrate by a preponderance of the evidence [the elements of the § 1692k(c) defense]," *Russell*, 74 F.3d at 33–34, which logically can only mean that the defense remains available even after strict liability has been established. Indeed, a contrary determination would seem to fly in the face of the plain language of § 1692k(c), which provides that a debt collector "may not be held liable" in an FDCPA action if it makes the required showing that the violation was not intentional, resulted from a bona fide error, and that procedures designed to prevent such error were in place. However, it is not necessary to decide the issue here, as Defendants' failure to make an adequate showing as to the existence of a bona fide error or the lack of intentional conduct provides an alternative ground for my finding that Defendants may not rely upon the bona fide error defense.

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in its entirety. Plaintiff has only moved for summary judgment on the issue of liability under the FDCPA, however, and has made no showing with respect to her damages. I therefore direct that this case be referred back to Magistrate Judge Fox for the purpose of making that determination.

### (2) *Plaintiff's Class Action*

Although Plaintiff brought this suit as a class action, there has to date been no class certification as required by Federal Rule of Civil Procedure 23(c)(1). District courts may rule on class certification *sua sponte, see McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir.1981); *In re Diamond Multimedia*

*Systems, Inc.,* No. C 96–2644, 1997 WL 773733, *2 (N.D.Cal. Oct.14, 1997), and because Plaintiff has elected to pursue the present motion solely as an individual, I deny class certification in this action.

This constitutes the order and decision of the Court.