**Susanne TURNER, Plaintiff,**

v.

**ASSET ACCEPTANCE, LLC, Defendant.**

**No. 03–CV–2078 (NGG).**

United States District Court, E.D. New York.

Feb. 13, 2004.

Adam Jon Fishbein, Attorney at Law, Woodmere, NY, for Plaintiff.

Arthur Sanders, Spring Valley, NY, for Defendant.

### MEMORANDUM & ORDER

GARAUFIS, District Judge.

Now before the court in this Fair Debt Collection Practices Act ("FDCPA") case are the cross-motions for judgment on the pleadings under Fed R. Civ. P. Rule 12(c) of plaintiff Susanne Turner ("Plaintiff") and defendant Asset Acceptance, LLC ("Defendant"). For the reasons explained below, Plaintiff's motion for judgment on the pleadings is DENIED, and Defendant's motion for judgment on the pleadings is GRANTED.

### Factual Background

On about April 11, 2003 Defendant sent Plaintiff a letter informing Plaintiff that Defendant had purchased some debt Plaintiff previously owed to another creditor. *See* Defendant's Memorandum of Law at 4. The body of the letter is as follows:

Re:  MBNA

Client Acct#  [account number listed]

Balance Past Due:  $2729.48

Dear SUSANNE TURNER:

It is our pleasure to welcome you as a new customer of ASSET ACCEPTANCE LLC. Your account with the above mentioned creditor has been purchased and is now owned by ASSET ACCEPTANCE LLC. In order to insure proper credit for any payments it is necessary that all future payments and inquiries be made to:

ASSET ACCEPTANCE LLC

P.O. BOX 2036

WARREN, MI 48090–2036

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely
[Asset Acceptance Employee Name & Phone # ]
Debt Collector                                    First Notice
ASSET ACCEPTANCE LLC

Defendant's Memorandum of Law, Exh. A (Emphasis in original).

## Legal Analysis

The parties have now agreed that the only issue for the court to decide is whether, as a matter of law, the letter Plaintiff received could be deemed "false, deceptive, or misleading" under the FDCPA, specifically under 15 U.S.C. § 1692e. This section prohibits debt collectors from using "false deceptive, or misleading representation[s] or means in connection with the collection of any debt."

■ Plaintiff correctly argues that the proper standard the court should use in making its determination is whether the allegedly deceptive elements of the letter would deceive or mislead the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). Plaintiff also notes that the court in *Clomon* endorsed this standard not only as a way to protect the most naive and trusting consumers, but also "to protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320. Finally, Plaintiff relies on *Barrientos v. Law Offices of Mark L. Nichter,* 76 F.Supp.2d 510 (S.D.N.Y.1999) to argue that "deceptiveness" under the FDCPA may be interpreted to include notices that can "reasonably read to have two or more different meanings, one of which is inaccurate." *See* Plaintiff's Memorandum of Law at 2–3.

■ Plaintiffs accurate statements of the law, while true, are inapplicable to the facts of this case. Plaintiff indignantly highlights in her brief the opening statement of the letter she received: "It is a pleasure to welcome you as a new customer of Asset Acceptance, LLC." Plaintiff finds this statement misleading for two reasons: first, because the letter "is not intended to actually welcome Ms. Turner to anything," Plaintiff's Memorandum of Law at 3; and second, because Plaintiff is not a "customer" of Defendant, but rather a "debtor" or "consumer." Plaintiff submits that the least sophisticated consumer could be led to think that this letter is a "friendly" communication and that the debt is instead a payment for something "service-related," thus "welcoming confusion and dismay" upon the reader. *Id.*

It is this court that has experienced "confusion and dismay" at being required to rule on this frivolous question. In response to Plaintiff's first point, while Congress enacted the FDCPA in order to address many odious practices used by the debt collection industry, friendliness was not one of those odious practices. It is both possible and desirable for a new creditor to establish cordial relations with its debtors, and I find that as a matter of law there is nothing remotely deceptive about Defendant's use of the phrase "It is a pleasure to welcome you ..."

As to Plaintiff's second contention, the word "customer" is certainly not the best way to describe Ms. Turner. However, in the context of the letter as a whole, there is no way that even the least sophisticated debtor might believe that Defendant was doing anything other than confirming a debtor-creditor relationship. The word "creditor" appears three times and the word "debt" appears four other times in the body of the letter, including in a bold faced final sentence that begins "This is an attempt to collect a debt ..." Plaintiff's belief that a debtor could be confused into thinking that the payments are for "something service related" are particularly misplaced, because in a very important sense that is exactly what they are—Plaintiff owed Defendant money because someone

(apparently MBNA) extended her credit—in other words, someone performed a valuable service for her. In exchange for this service, Plaintiff agreed that she would later pay the service provider, or the provider's assignee. Thus, I find that as a matter of law the letter at issue is not misleading or deceptive; in fact, I believe that when the Second Circuit stated in *Clomon* that the "least sophisticated consumer" standard was meant to protect against "bizarre or idiosyncratic interpretations" of collection letters, the unambiguous content of this letter is what the court was attempting to encourage.

Both parties assert that no court has considered whether the word "customer" is deceptive under the FDCPA[1]. This dearth of authority likely exists because only attorneys willing to engage in "bizarre or idiosyncratic interpretations" of a collection notice would advance such claims. Plaintiff's attorney's willingness to advance such a far-fetched legal theory is due, in all likelihood, to the provisions in the consumer protection statute at issue affording statutory damages without proof of harm and the availability of class action treatment. Congress enacted the FDCPA in order to combat egregious abuses of debtors, abuses that are real and troubling. It is almost as troubling, however, for an attorney to take unreasonable advantage of Congress's good intentions and the sound legislation it has enacted.

**Conclusion**

For the reasons explained above, Plaintiff's cross-motion for judgment on the pleadings is DENIED, Defendant's cross-motion for judgment on the pleadings is GRANTED, and Plaintiff's claim is DISMISSED. The clerk is directed to close the case.

SO ORDERED.

---

[1] While Plaintiff cites *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62–62, Plaintiff concedes that the case has nothing to do with the word "customer" or the fact that a creditor "welcomes" a new debtor to the debtor-creditor relationship.