681 N.W.2d 653 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Melody HARRIS, Defendant-Appellee.
Docket No. 125762, COA No. 253152.
Supreme Court of Michigan.
June 25, 2004.
On order of the Court, the application for leave to appeal the February 23, 2004 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the order of the Court of Appeals and REINSTATE the Kent Circuit Court's November 24, 2003 order denying appointment of appellate counsel. This Court held in People v. Bulger, 462 Mich. 495, 614 N.W.2d 103 (2000), that the federal Constitution does not require the appointment of counsel at public expense when an indigent defendant applies for leave to appeal a plea-based conviction. Pursuant to the analysis provided by this Court in Bulger, MCL 770.3a is constitutional. The courts of this state are obligated to apply that statute, any lower federal court opinions to the contrary notwithstanding. Abela v. General Motors Corp., 469 Mich. 603, 677 N.W.2d 325 (2004). The time for defendant to file an application for leave to appeal under MCR 7.205 runs from the date of this order.
Cavanagh, J., would hold this case in abeyance for Tesmer v. Kowalski, 114 F.Supp.2d 622 (2000), cert. gtd. ___ U.S. ___, 124 S.Ct. 1144, 157 L.Ed.2d 1041 (2004).
MARILYN J. KELLY, J., dissents and states as follows:
I would hold this case in abeyance until the United States Supreme Court decides Tesmer v. Kowalski, cert. gtd. ___ U.S. ___, 124 S.Ct. 1144, 157 L.Ed.2d 1041 (2004).
I acknowledge that we are not bound by the Sixth Circuit's holding in Tesmer v. Granholm, 333 F.3d 683 (C.A.6, 2003). However, we will be bound by the United States Supreme Court's decision.
The majority's ruling that reverses and remands this case promotes judicial inefficiency. This case and others like it will come back to the Court of Appeals for a second review if the Sixth Circuit's decision is upheld.
Instead of denying defendant's application, the Court should issue an order explaining that trial courts should appoint appellate counsel pending the Tesmer decision. This would avoid numerous repeat applications to the Court of Appeals should the Supreme Court affirm the Sixth Circuit's holding that it is unconstitutional to deny appointment of counsel to criminal defendants who plead guilty.