Sallie A. DURHAM, an individual on behalf of herself and all others similarly situated, Plaintiff,

v.

CONTINENTAL CENTRAL CREDIT, et al., Defendants.

Case No. 07cv1763 BTM(WMc).

United States District Court, S.D. California.

March 20, 2008.

Deborah L. Raymond of Del Mar, CA, for Plaintiff.

Michael E. Williams of Carlsbad, CA, for Defendants.

## ORDER DENYING MOTION TO DISMISS

BARRY TED MOSKOWITZ, District Judge.

Defendants Continental Central Credit, Inc. ("CCC"), San Clemente Cove Vacation Owners Association ("Association"), and Vacation Resorts International, Inc. (collectively "Defendants"), have filed a motion to dismiss Plaintiff's First Amended Class Action Complaint. (Subsequent to the filing of the motion, Vacation Resorts International, Inc. was dismissed from the action.) For the reasons discussed below, Defendants' motion to dismiss is **DE-NIED**.

### I. *BACKGROUND*

In the First Amended Complaint ("FAC"), Plaintiff alleges that in 2002, she became the owner of a timeshare interest in real property located at San Clemente Cove. (FAC ¶ 11.) The timeshare was acquired for her and her family's personal use and enjoyment. (*Id.*) At some point in time, Plaintiff's timeshare interest was foreclosed upon by a yet unknown third party. (*Id.*)

On dates unknown to Plaintiff, certain amounts were assessed against her by the Association for services allegedly rendered by the Association and for Association membership fees, under the authority of the written rules and by-laws of the Association. (FAC ¶ 12.) The Association ultimately referred such assessments to CCC for collection. (*Id.*)

On September 11, 2006, Plaintiff received an initial notice from CCC demanding payment of principal in the amount of $1,339.45, interest in the amount of $15.04, and a collection fee in the amount of $535.78. (FAC, Ex. A.) On or about October 9, 2006, Plaintiff received a second

collection demand from CCC. (FAC, Ex. B.) This notice indicated that due to Plaintiffs failure to comply with CCC's former request for payment, CCC could refer Plaintiff's account to CCC's attorney for legal action. The notice also provided, "To prevent further collection efforts, payment in full is required immediately."

Within 30 days of the second notice, Plaintiff disputed the alleged debt in writing and demanded verification of the debt from CCC. (FAC ¶ 19.) Plaintiff alleges that CCC ignored Plaintiff's dispute and request for verification. (*Id.*)

Plaintiff alleges that under the rules of the Association, the Association is entitled to recover reasonable collection costs incurred in the collection of delinquent assessments.(FAC ¶ 14.) However, according to Plaintiff, CCC and the Association had an agreement whereby CCC would add a 40% collection fee, or some other arbitrary collection fee, to the amount of each delinquent assessment referred to them by the Association and would kickback a portion of any collected fees to the Association. (FAC ¶ 15.)

Plaintiff sues on behalf of herself and a purported class of similarly situated individuals. She claims that Defendants violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and California's Robbins–Rosenthal Fair Debt Collection Practices Act ("Robbins–Rosenthal Act"), Cal. Civil Code § 1788, *et seq.* by imposing and attempting to collect an arbitrary and unreasonable collection fee that bears no relationship to the actual cost of collection. Plaintiff also claims that Defendants violated the FDCPA by failing to give Plaintiff clear notice of her rights under 15 U.S.C. § 1692g.

## II. *STANDARD*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiffs complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). The plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, the plaintiff must do more than state conclusions and recite the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true…." *Id.*

## III. *DISCUSSION*

### A. *FDCPA Claims*

Defendants argue that Plaintiff has failed to state a claim under the FDCPA. The court disagrees.

#### 1. *Collection Fee*

Plaintiff alleges that defendants imposed and attempted to collect an unreasonable and arbitrary collection fee. Under 15 U.S.C. § 1692f(1), it is an unfair practice to collect "any amount (including any interest, fee, charges, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Under California law, it appears that the collection fee imposed by Defendants was

unlawful. California Civil Code § 1671 provides that liquidated damages clause are void except where it would be impracticable or extremely difficult to fix the actual damage. In *Bondanza v. Peninsula Hospital & Med. Center*, 23 Cal.3d 260, 152 Cal.Rptr. 446, 590 P.2d 22 (1979), the California Supreme Court held that a collection agency's practice of charging one-third of the amount due to the creditor hospital as a collection fee was unlawful because it violated section 1671. The court explained that although the plaintiffs, patients of the hospital, agreed to pay a "reasonable" collection expense, only the hospital and the collection agency determined that the expense would amount to one-third of the balance due at the time of assignment. *Id.* at 266, 152 Cal.Rptr. 446, 590 P.2d 22. The defendants did not make any showing that it would have been impracticable or extremely difficult to fix actual collection costs. The court rejected defendants' argument that the assessment was lawful because the collection fee was charged by a third-party collection agency: "The simple answer to the contention is found both in the requirements of section 1671 and in the fundamental rule that a creditor cannot increase the burden on a debtor by assigning the debt." *Id.* at 268, 152 Cal.Rptr. 446, 590 P.2d 22.

■ As in *Bondanza*, Plaintiff alleges that CCC adds the 40% (or other arbitrary amount) collection fee upon assignment of the debt. (FAC ¶ 21.) The collection fee bears no relationship to the actual cost of collection. (*Id.*) Based on these facts, CCC's collection charge violates Cal. Civ. Code § 1671 and is unlawful.

Defendants argue that *Bondanza* is distinguishable because it involved an adhesion contract between the hospital and its patients. However, the issue of the adhesion contract pertained to the court's analysis of whether the collection fee was an "unfair" business practice under Cal. Bus. & Prof.Code § 17200. The existence of an adhesion contract was not relevant to the court's determination of whether the collection charge was an "unlawful" business practice.

Defendants rely on *Brown v. Professional Community Mgmt., Inc.*, 127 Cal. App.4th 532, 25 Cal.Rptr.3d 617 (2005) and *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal.App.4th 1544, 62 Cal.Rptr.3d 177 (2007), to argue that fees charged by agencies hired by homeowner's associations are lawful as long as they are reasonable. However, neither *Brown* nor *Berryman* dealt with the issue of unlawful liquidated damages. *Berryman* concerned fees in connection with the transfer of title, not fees for collecting amounts owed. *Brown* concerned collection fees, however, the issue was whether the collection agency hired by the homeowner's association was bound by Cal. Civ.Code § 1366.1, which prohibits homeowner's associations from charging an assessment or fee *in excess of the actual cost*. The plaintiff in *Brown* apparently did not contend that the collection fee violated Cal. Civil Code § 1671. There is no discussion in the case regarding how the collection fee was determined and whether the fee bore any relation to the actual costs of collection.

Plaintiff has sufficiently pled that Defendants engaged in unfair collection practices (in violation of 15 U.S.C. § 1692f(1)) by attempting to collect a 40% (or other arbitrary amount) collection fee. Plaintiff has also stated a claim that Defendants made false or misleading misrepresentations that such collection fees were property owed. *See* 15 U.S.C. § 1692e(2)(B).

*2. Notice of Debt*

Plaintiff contends that the second demand notice sent by CCC obscured Plaintiff's right to dispute the debt and violated 15 U.S.C. 1692g(b). As discussed below,

Plaintiff has stated a claim under section 1692g(b).

Section 1692g(a) requires a debt collector to send a written notice within five days of its initial communication with the consumer, stating: (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector that the debt is disputed, the debt collector will obtain verification of the debt and a copy of such verification will be mailed to the consumer; and (5) a statement that upon the consumer's written request within the 30–day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Section 1692g(b) provides, in relevant part:

> Collection activities and communications that do not otherwise violate this subchapter may continue during the 30–day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(Emphasis added.)

 The Court must determine whether CCC's second letter would have been like-ly to confuse a hypothetical "least sophisticated debtor" regarding his rights. *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988). The question whether language in a collection letter overshadows or contradicts the prior or concurrent disclosure of the consumer's rights so as to confuse a least sophisticated debtor is a question of law. *Terran v. Kaplan,* 109 F.3d 1428, 1432 (9th Cir.1997).

In *Terran,* the Ninth Circuit explained that in each of the cases where courts have held that a written communication overshadowed or contradicted a notice of the debtor's rights, (1) payment was demanded within a time period less than the statutory 30 days granted to dispute the debt, and (2) this demand was communicated in a format that emphasized the duty to make payment, and obscured the fact that the debtor had 30 days to dispute the debt. *Id.* at 1433. In *Terran,* the Ninth Circuit held that there was no violation of 1692g because the collection letter's request that the debtor immediately telephone a collection assistant did not require immediate *payment* and did not overshadow the language in the same letter that notified the debtor that he had 30 days in which to dispute the debt. *See also Renick v. Dun & Bradstreet Receivable Mgmt. Serv.,* 290 F.3d 1055 (9th Cir.2002) (holding that second notice did not violate the FDCPA because it merely requested prompt payment in a non-threatening way and informed the debtor that he had 30 days to dispute the debt).[1]

In contrast, in *Barrientos v. Law Offices of Mark L. Nichter,* 76 F.Supp.2d 510 (S.D.N.Y.1999), a case with facts very similar to the facts before this Court, the court held that the debt collector's second notice

---

1. In *Taylor v. Cavalry Inv., LLC,* 365 F.3d 572 (7th Cir.2004) and *Jacobson v. Healthcare Fin. Serv., Inc.,* 516 F.3d 85 (2d Cir.2008), cases cited by Defendants, the challenged notices prompted payment of the debt but also adequately explained in clear terms the right of the debtor to dispute the debt within 30 days.

of debt violated sections 1692g and 1692e(10) (prohibiting the use of false representation or deceptive means to collect or attempt to collect a debt). The first notice informed the debtor of her right to dispute the validity of the debt within 30 days. The second notice, sent within the 30–day period, stated, in pertinent part: "We have been authorized by our client to take any lawful action we deem necessary to collect this debt. Please make payment today so we can put this matter to rest." The second notice did not reiterate the right of the debtor to dispute the debt. The district court held that the second notice overshadowed and contradicted the initial notice. The court explained that the second letter implied that only *immediate payment* could avoid adverse action by defendants. *Id.* at 515. The court also explained that the unsophisticated consumer could not be expected to grasp that the first letter took precedence over the more recent communication. *Id.*

██ As in *Barrientos,* the second letter received by Plaintiff within the 30–day period demanded immediate payment. The letter stated:

> The above-referenced claim has been assigned to our firm. Because you have failed to comply with our request for payment, we may refer this account to our attorney for legal action, should he deem it appropriate. To prevent further collection efforts, payment in full is required immediately.

This letter implied that Plaintiff had to make immediate payment to avoid legal action. The letter did not reiterate Plaintiff's right to dispute the debt and, there-fore, overshadowed the initial notice. Therefore, Plaintiff has stated a valid claim under sections 1692g(b) and 1692(e)(10).

## B. *Robbins–Rosenthal Act*

Defendants contend that Plaintiff fails to state a claim under the Robbins–Rosenthal Act because the Act only applies to consumer debts owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Cal. Civil Code § 1788.2(f). A "consumer credit transaction" is defined as a "transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civil Code § 1788.2(e).

██ According to Defendants, there was no credit extended by the Association. However, Plaintiff alleges that the amounts assessed against her were for the Association's membership fees as well as for services rendered by the Association. (FAC ¶ 12.) The Court doubts that homeowner's association fees are for services already rendered on credit (as opposed to fees for continuing general services). However, it is possible that the Association rendered a special service that was later billed to Plaintiffs account. For example, Plaintiff may have agreed that if she failed to remedy a problem identified by the Association, the Association would fix the problem itself but that Plaintiff would be billed for the cost. Defendants' arguments are more appropriate on a motion for summary judgment when there is a record of the nature of the assessments.[2]

---

**2.** Defendants suggest that because the Association fees were in connection with a time share as opposed to a primary residence, the fees were not "primarily for personal, family, or household purposes." However, Defen-dants do not cite any case law supporting such a narrow reading of this language. Fees in connection with a time share used by Plaintiff and her family would seem to be

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED.** Issues regarding the propriety of the purported class can be raised when Plaintiff moves for class certification.

**IT IS SO ORDERED.**

primarily for personal and/or family pur- poses.