# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 18, 2008

128340

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

KENNETH JAY HOULIHAN,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128340
COA: 256534
Kent CC: 01-002731-FC

_____/

By order of December 16, 2005, the application for leave to appeal the February 10, 2005 order of the Court of Appeals was held in abeyance pending the decision in *Simmons v Metrish,* No. 03-2609, which was pending in the United States Court of Appeals for the Sixth Circuit, on remand from the United States Supreme Court for reconsideration in light of *Halbert v Michigan,* 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005). On order of the Court, the case having been decided on February 15, 2008, *Simmons v Kapture,* ___ F3d ___ (Docket No. 03-2609), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

In December 2003, Mr. Houlihan filed a motion in the trial court for relief from his judgment of conviction. He argued that he was not required to show good cause for obtaining the relief because he was indigent and had been refused a court-appointed attorney to appeal his conviction. The trial court denied his motion, and the Court of Appeals denied his application for leave to appeal.[1] Defendant sought relief from the judgment in this Court. We heard argument on the application for the purpose of

---

[1] Unpublished order of the Court of Appeals, issued February 10, 2005 (Docket No. 256534).

determining whether the United States Supreme Court's decision in *Halbert v Michigan*[2] applied retroactively to defendant's motion for relief from judgment.[3] *Halbert* held that indigent defendants who are convicted after pleading guilty or nolo contendere are entitled to appointed appellate counsel for first-tier review. *Halbert* overruled this Court's decisions in *People v Harris*[4] and *People v Bulger*.[5]

Following argument, we held this case in abeyance pending the Sixth Circuit Court of Appeals decision in *Simmons v Kapture*.[6] Initially, the panel in *Simmons* found that the *Halbert* decision applied retroactively to cases in which review is sought on a writ of habeas corpus.[7] However, after granting rehearing *en banc*, the court found that *Halbert* did not apply retroactively.[8] In reliance on that decision, a majority of this Court denies leave to appeal in this case. I disagree with the denial for two reasons.

First, the defendant in *Simmons* yet may file a petition for certiorari in the United States Supreme Court. This Court should hold Mr. Houlihan's case in abeyance until the time for filing the petition in *Simmons* has expired. If the defendant in *Simmons* files a petition for certiorari, this case should be held in abeyance until the United States Supreme Court acts on the petition. Because *Halbert* is an important decision that could afford relief to many defendants, whether it applies retroactively is a question of great significance. For that reason, there is a strong possibility that the United States Supreme Court will be asked to consider and will consider the *Simmons* case. Even if it does not, no harm will come from holding this case in abeyance pending the final resolution of *Simmons*.

My second reason for disagreeing with the denial order in this matter is that I believe this Court should consider whether *Halbert* applies retroactively under Michigan law. This year in *Danforth v Minnesota*,[9] the United States Supreme Court held that the federal retroactivity standard "limits the kinds of constitutional violations that will entitle

---

[2] *Halbert v Michigan,* 545 US 605, 609-610 (2005).

[3] 474 Mich 866 (2005).

[4] *People v Harris,* 470 Mich 882 (2004). I dissented from the Court's decision denying the appointment of appellate counsel.

[5] *People v Bulger,* 462 Mich 495 (2000). I joined Justice Cavanagh's opinion dissenting from the majority decision.

[6] 474 Mich 958 (2005).

[7] 474 F3d 869 (CA 6, 2007).

[8] *Simmons v Kapture*, 516 F3d 450 (CA 6, 2008).

[9] *Danforth v Minnesota*, ___ US ___; 128 US 1029 (2008).

an individual to relief on federal habeas, but does not in any way limit the authority of a state court, when reviewing its own state criminal convictions, to provide" broader remedies for federal constitutional violations.[10] Clearly, the remedy a state court provides for violations of the federal constitution is a question of state law. Accordingly, regardless of whether the federal courts apply *Halbert* retroactively, we can apply the rule announced in *Halbert* retroactively if we so decide. We should grant leave to consider whether *Halbert* applies retroactively under Michigan law.[11]

---

[10] *Id*. at 1042. This holding makes great sense because, as recognized by the *Danforth* Court, the federal retroactivity standard is based on an interpretation of the federal habeas statute.

[11] An April 1, 2008, report of the State Court Administrative Office indicates that many Michigan trial courts have been applying *Halbert* retroactively.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 18, 2008



Clerk

s0415